IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                           CR. No. 19-4052 JCH

**VERNONWELL J. DAVIS,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Vernonwell J. Davis's pro se *Motion for Reduction of Sentence pursuant to 8 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines* (ECF No. 155). He seeks a reduction of his sentence based on U.S.S.G. § 4A1.1(d) & (e) Criminal History Category for those who received "status" points for being under a criminal justice sentence at the time of the offense. (*Id.* at 1.) After reviewing the motion, the Federal Public Defender declined to file a motion on Defendant's behalf. (*See* Notice, ECF No. 157.) On August 23, 2024, the United States filed its response arguing that Mr. Davis is not eligible for a sentence reduction under Amendment 821 because he was sentenced to the five-year statutorily required minimum sentence. (Gov.'s Resp. 1, ECF No. 160.) Defendant did not file a reply. For the reasons stated herein, the Court will deny the motion.

## BACKGROUND

Defendant pled guilty to possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B). (Plea Agreement 2, ECF No. 127; Judgment 1, ECF No. 149.) The United States Probation Office provided a Presentence Report ("PSR") that recommended, among other things,

adding two points to his criminal history score of three because he committed the offense while under a criminal justice sentence. (PSR 12, ECF No. 136.) According to the PSR, the criminal history score of five resulted in a criminal history category of III. (*Id.*) Although Defendant's guideline imprisonment range would have been 51 to 63 months based on his total offense level of 22 and criminal history category of III, the guidelines range was 60-63 months due to the five-year statutory minimum sentence. (*Id.* at 17.) The Court sentenced Mr. Davis to 60 months (i.e., 5 years) imprisonment. (Judgment 2, ECF No. 149.)

## APPLICABLE LAW

A district court does not have inherent authority to modify a previously imposed sentence except in a few very limited circumstances. *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). As relevant here, a court may modify a sentence when expressly permitted by statute. *Mannie*, 971 F.3d at 1148. Under 18 U.S.C. § 3582(c)(2), a sentence may be reduced "'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)). Courts follow a two-step inquiry. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018) (citing *Dillon*, 560 U.S. at 826-27). First, a court determines if a defendant is eligible for a sentence reduction, consistent with applicable policy statements issued by the Sentencing Commission in § 1B1.10. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306. Second, a court considers whether the reduction is warranted under the factors set forth in § 3553(a) to the extent they are applicable. *See Dillon*, 560 U.S. at 824-26; *Green*, 886 F.3d at 1306-07.

The Sentencing Commission amended the United States Sentencing Guidelines ("the Guidelines") effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023). Prior to November 1, 2023, the Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(d) (pre-amendment). In Part A of Amendment 821, the Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *See* USSG § 4A1.1(e); 88 Fed. Reg. 28254-01 at 28270-73. For a defendant with six or fewer criminal history points, the Court may reduce the status points to zero. *United States v. Ortiz*, No. CR 14-1967 RB, 2024 WL 4119500, at *2 (D.N.M. Sept. 9, 2024) (citing § 4A1.1(e)). The Commission determined that the above changes may apply retroactively. 88 Fed. Reg. 28254-01 at 28254.

## **ANALYSIS**

The Government argues that the Court may not reduce Mr. Davis's sentence because his original sentence was based on a statutory mandatory minimum sentence, rather than on the Guidelines. The Court agrees.

Amendment 821 applies to the calculation of Mr. Davis's guideline range because two status points were added to his calculation. With the amendment, his total criminal history score would be three, instead of five, and result in a criminal history category of II, instead of III. Considering his total offense level of 22, his guidelines range would decrease to 46-57 months. Nevertheless, Mr. Davis is not eligible for a reduced sentence. The crime for which Mr. Davis pled guilty carries a mandatory minimum sentence of not less than 5 years. 21 U.S.C. § 841(b)(1)(B)(viii). Because the Court sentenced Mr. Davis to 5 years, the minimum statutory

3

sentence allowed, he is not eligible for a sentence reduction based on USSG § 4A1.1(d) & (e). *Cf. Koons v. United States*, 584 U.S. 700, 704 (2018) (holding that petitioners did not qualify for sentence reductions under § 3582(c)(2) because their sentences were based on the statutory mandatory minimums, rather than on the lowered guidelines ranges). *See also* USSG § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

**IT IS THEREFORE ORDERED** that Defendant Vernonwell J. Davis's *Motion for Reduction of Sentence pursuant to 8 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines* (ECF No. 155) is **DENIED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**